UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDY HERNANDEZ ESPINOZA, BY
Next Friend Ximena Murillo
Correa,

        Petitioner,

v.                                    Case No. 2:26-cv-400-JES-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER, et
al.,

        Respondents.
_____/

## OPINION AND ORDER

Before the Court is a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Ximena Murillo Correa. (Doc. 1). She files the petition on behalf of her friend, Fredy Hernandez Espinoza, who is being detained by Immigration and Customs Enforcement at Alligator Alcatraz. (Id.).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. See Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). But "'[n]ext friend' standing is by no means granted automatically[.]"

Id. at 163.  To demonstrate that "next friend" status is warranted, the would-be next friend must (1) provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts and (2) show she is "truly dedicated to the interests" of the real party.  Id.

Correa has not met this standard.  There is no allegation that Espinoza is mentally incompetent or has been denied access to the courts.  Because Correa does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Espinoza's behalf.  See Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.").

In addition, while Rule 17(c) of the Civil Rules of Civil Procedure provides for certain representatives to sue on behalf of another, it does not confer on those representatives a right to act as legal counsel for somebody else.  Correa does not claim to be a lawyer, and she cannot represent Espinoza in this action. See Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008)(noting that although 28 U.S.C. § 1654 allows parties to conduct their own cases personally, that right "does not extend to the representation of the interests of others").

Accordingly, it is **ORDERED:**

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 3, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3